In the Matter of THOMAS P. BAGEN, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, June 30, 1970.

*David E. Brennan* for petitioner.

*Thomas P. Bagen,* in person, and *Philip H. Magner, Jr.,* for Thomas P. Bagen, respondent.

*Per Curiam.* Respondent was admitted to the Bar by this court in November, 1952. In disciplinary proceedings instituted by the Bar Association of Erie County he was charged with

344

professional misconduct in connection with seven instances in which he represented clients as their attorney. After issue was joined we referred the matter to hear and report.

During the course of the hearing respondent admitted the substance of the allegations of the petition and the Referee made findings that in six transactions respondent commingled with his personal funds, the funds of his clients which he had been obligated to pay over to various physicians, a hospital, a real estate broker, a surveyor, abstract companies and the clients, and then converted them to his own use. He further found that in the seventh transaction respondent had failed to prosecute his clients' claims, resulting in their dismissal.

In his own behalf respondent offered testimony indicating that his misconduct was the result of attempts to satisfy the needs of his augmented family, and that, in circumstances other than the individual practice of law, he was professionally capable and well regarded by his superiors, by members of the Bench and of the Bar. Respondent disclaims any desire to return to private practice and expresses a willingness to practice his profession through a salaried employment.

Respondent's conceded misconduct represents a violation of canons 11, 29 and 32 of the Canons of Professional Ethics, and sections 1290, 1294, 1296 and 1298 of the former Penal Law. In these circumstances we cannot condone his continuance in the legal profession. (See *Matter of McGarl,* 33 A D 2d 223; *Matter of Turk,* 25 A D 2d 255.)

The report of the Referee should be confirmed and the respondent should be disbarred.

GOLDMAN, P. J., DEL VECCHIO, MARSH, WITMER and BASTOW, JJ., concur.

Order of disbarment entered.